UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| J & J SPORTS PRODUCTION, INC, *Plaintiff,* v. SUAREZ ENTERPRISES, LLC d/b/a DON JULIO'S BAR AND GRILL a/k/a DON JULIO'S BAR AND GRILL, LLC, *et al.,* *Defendants.* | Civil Action No. 3:18-cv-08823 (PGS) (TJB) MEMORANDUM AND ORDER |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Plaintiff J&J Sports Production, Inc.'s ("Plaintiff" or "J&J") motion for the entry of default judgment against Defendants Suarez Enterprises, LLC d/b/a Don Julio's Bar and Grill a/k/a Don Julio's Bar and Grill, LLC ("Don Julio's") and Pedro B. Urgiles ("Urgiles") (together, "Defendants"). (ECF No. 8). Plaintiff alleges that Defendants, without authorization, broadcasted a May 2016 boxing match as to which Plaintiff had exclusive distribution rights. Defendants have not opposed this motion and pursuant to Local Civil Rule 78.1, this motion is decided without oral argument. For the reasons stated herein, Plaintiff's motion is granted.

### BACKGROUND

Plaintiff is a closed-circuit distributor of sports and entertainment programming. (Plaintiff's Affidavit in Support of its Motion for the Entry of Default Judgment ("Pl. Aff.") ¶ 3, ECF No. 8-1). Plaintiff purchased by contract the domestic commercial distribution rights to broadcast the *Saul Alvarez v. Amir Khan, WBC World Middleweight Championship Fight Program* (the "Program"), telecasted on May 7, 2016. (Moving Br. at 1, ECF No. 8-3; Pl. Aff., Ex. A). Pursuant to Plaintiff's contract, Plaintiff was permitted to enter into sub-licensing

agreements with various commercial establishments seeking to show the Program to its patrons. (*Id.*). The transmission of the Program was encrypted and made available only to Plaintiff's customers, or commercial locations that paid Plaintiff a fee to show the Program. (*Id.* at 1-2; *see also* Pl. Aff. ¶ 11). Don Julio's is a bar and grill located at 900 Liberty Street, Trenton, New Jersey 08611. (*Id.* at 2).

In this action, Plaintiff alleges that Defendants unlawfully intercepted and broadcasted the Program at Don Julio's for its patrons, contrary to the Communications Act of 1934, 47 U.S.C. §§ 605 and 553 (Counts I, II). (Complaint at 6-8, ECF No. 1). Plaintiff also asserts several common law causes of action in connection with Defendants' alleged piracy of the Program (Counts III-VI).[1] (*Id.* at 8-11).

In support of its allegations, Plaintiff submits, *inter alia*, the affidavit of Kevin Goldberg, an investigator retained by Plaintiff to monitor the unlawful broadcast of the Program in the area. (*See* Pl. Aff., Ex. B). Mr. Goldberg attests to having witnessed the Program being unlawfully broadcasted on one of the four television at Don Julio's on the subject date. (*Id.*). While Don Julio's has a capacity of approximately 150 patrons, Mr. Goldberg witnessed only approximately 50 patrons present during the Program. (*Id.*). Further, Mr. Goldberg certifies that Don Julio's did not charge a cover fee to enter the bar and view the Program. (*Id.*).

Plaintiff filed its Complaint in this matter on May 4, 2018. (ECF No. 1). Defendants were served with the Complaint and Summons on July 30, 2018 and July 31, 2018. (ECF No. 4). After Defendants failed to respond, on January 22, 2019, Plaintiff requested the entry of default, which was granted and entered by the Clerk of Court on January 23, 2019. (ECF Nos. 6, 7). Plaintiff filed the instant motion for the entry of a default judgment on December 18,

---

[1] Plaintiff does not move for entry of a default judgment in connection with Counts III-VI.

2019. (ECF No. 8). Plaintiff is seeking damages totaling $27,100, and an opportunity to file a separate application for costs and attorneys' fees. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55 governs the entry of default and default judgments. Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thereafter, the movant can apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). "The threshold issue in opening a default judgment is whether a meritorious defense has been asserted." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). "[A] meritorious defense is presumptively established when the 'allegations of defendant's answer, if established on trial would constitute a complete defense to the action.'" *Id.* (citation omitted).

When considering a motion for default judgment, a court must exercise sound judicial discretion. *See Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988). The Third Circuit has identified three factors courts should consider when weighing whether to enter a default judgment: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *See Doug Brady, Inc. v. N.J. Bldg. Laborers State Wide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)). The ultimate decision whether to enter default judgment in any given case "is left primarily to the discretion of the district court." *United States v. Cardona*, No. CIV.A. 09-374 (JAG), 2009 WL 2381758, at *1 (D.N.J. July 31, 2009) (collecting cases).

Moreover, "[d]efault establishes the defaulting party's liability for the well-pleaded

allegations of the complaint." *Pflugfeder v. Burns*, No. CV 16-1963 (JBS-AMD), 2016 WL 6561555, at *1 (D.N.J. Nov. 2, 2016) (citations omitted). Default does not, however, establish liability for the amount of damages claimed by the plaintiff. *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir.1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir.1999). "Courts have wide discretion in determining appropriate statutory damage awards." *Innovative Sports Mgmt., Inc. v. Perez*, No. CV 19-12849 (SRC), 2019 WL 6167954, at *4 (D.N.J. Nov. 20, 2019) (citing *Broad. Music, Inc. v. Crocodile Rock Corp.*, 634 F. App'x 884, 885 (3d Cir. 2015); *see also Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir.1993).

In determining the amount of damages, the district court may conduct a hearing pursuant to Fed. R. Civ. P. 55(b)(2).[2] The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir.1997).

## ANALYSIS

The threshold requirements for entry of a default judgment are met. As discussed above, the Court has jurisdiction over this action because Plaintiff asserts claims arising under federal law (*see* 28 U.S.C. § 1331; 28 U.S.C. § 1367); service of process was properly effectuated (*see* ECF No. 4); no Defendant has answered or otherwise responded to the Complaint; and default

---

[2] Under Fed. R. Civ. P. 55(b)(2), the Court may conduct hearings to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

4

has been entered by the Clerk against Defendants. *Joe Hand Promotions, Inc. v. Old Bailey Corp.*, No. 2:16-CV-9207-KM-JBC, 2018 WL 1327108, at *1 (D.N.J. Mar. 15, 2018).

The *Doug Brady* factors also support entry of a default judgment. *Doug Brady*, 250 F.R.D. at 177. In particular, Plaintiff has stated a claim under 47 U.S.C. §§ 605 and 553, and the record suggests no meritorious defense. "A plaintiff must satisfy three elements to establish a defendant's liability under these statutes: (1) interception of a satellite transmission or broadcast, (2) lack of authorization, and (3) publication." *J&J Sports Prods., Inc. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018). Here, Plaintiff's submissions sufficiently demonstrate those elements. Specifically, Plaintiff had the exclusive rights to distribute the Program to commercial establishments, like Don Julio's, and Defendants did not obtain a sub-license to those rights. (Pl. Aff. ¶ 3). Thus, it may properly be inferred that Don Julio's lacked the authorization to broadcast the Program. *J&J Sports Prods., Inc. v. 2216 Bergenline Ave., LLC*, No. 18CV13165KSHCLW, 2019 WL 5304035, at *2 (D.N.J. Oct. 21, 2019). Moreover, the unauthorized broadcast of the Program was confirmed by Plaintiff's investigator, Mr. Goldberg, who witnessed the Program being shown at Don Julio's with approximately 50 patrons present. (Pl. Aff., Ex. B).

Plaintiff has also sufficiently demonstrated the predicates for imposing individual liability on Defendant Urgiles for the alleged violations of 47 U.S.C. §§ 605 or 553. To do same, "Plaintiff is required to show that [Urgiles] had 'the right and ability to supervise the violative activity, although he need not actually be supervising, because he need not know of the violative activity,' as well as 'a direct financial interest in the violation, *i.e.*, financial benefits, even if not proportional or precisely calculable, that directly flow from the violative activity.'" *J&J Sports Prods., Inc. v. Old Bailey Corp.*, No. 18CV8829KSHCLW, 2019 WL 4267856, at *2 (D.N.J. Sept. 9, 2019) (quoting *Ramsey*, 757 F. App'x at 95). Here, Plaintiff submits New Jersey public

business records indicating that as of August 12, 2019, Urgiles was Don Julio's only principal ("Managing Member") and registered agent. (Certification of Michael J. Peters, Esq. in Support of Plaintiff's Motion for Entry of Default Judgment, Ex. B, ECF No. 8-2). Moreover, the Complaint similarly alleges Urgiles' status as principal, registered agent, and license holder of Don Julio's. (Complaint ¶¶ 8-10).

The remaining *Doug Brady* factors also weigh in favor of granting the requested default judgment. "Defendants' failure to appear or to file any response to the complaint has prevented plaintiff from prosecuting this action and obtaining relief, to its prejudice." *Id.* (citing *Old Bailey*, 2018 WL 1327108, at *2). And, "[a]bsent any evidence to the contrary, 'the Defendant's failure to answer evinces the defendant's culpability in its default.'" *Old Bailey*, 2018 WL 1327108, at *2 (quoting *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, No. CIV. 11-624 JBS/JS, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011). Indeed, "[t]here is nothing before the Court to show that [Defendants'] failure to file an answer was not willfully negligent." *Am. Helper*, 2011 WL 4729023, at *4 (citing *Prudential Ins. Co. of Am. v. Taylor*, No. CIV.A.08-2108SDW, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009)); *2216 Bergenline Ave.*, 2019 WL 5304035, at *2. Accordingly, for the foregoing reasons, the Court finds that entry of a default judgment is appropriate.

With respect to damages, Plaintiff requests $9,600 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), which permits Plaintiff to "recover . . . for each violation . . . a sum of not less than $1,000 or more than $10,000, as the court considers just" (*id.* § 605(e)(3)(C)(i)(II)). (Moving Br. at 10). In addition, Plaintiff is seeking $17,500 in what it calls "enhanced" damages, under 47 U.S.C. § 605(e)(3)(C)(ii), which permits the Court, in its discretion, to "increase the award of damages . . . by an amount of not more than $100,000" if "the court finds that the violation was committed willfully and for purposes of direct or indirect

commercial advantage or private financial gain" (*id.* § 605(e)(3)(C)(ii)). (Moving Br. at 10).

As Plaintiff correctly acknowledges, the Third Circuit has not promulgated a formula for precisely calculating statutory damages in this context. (Moving Br. at 15); *2216 Bergenline Ave.*, 2019 WL 5304035, at *3. In the absence of same, courts in this district have routinely looked to "actual damages as a persuasive metric" in awarding statutory damages under § 605. *2216 Bergenline Ave*, 2019 WL 5304035, at *3 (collecting cases). In fact, the learned Judges Hayden, Vasquez, Kugler, Salas, and Linares, among others, have all employed this approach under nearly identical factual circumstances, and determined that an appropriate assessment of statutory damages is the cost of the licensing fee that the defendants would have paid in order to have had broadcasted the program legally. *See, e.g., id.*; *Old Bailey Corp.*, 2019 WL 4267856, at *3; *Joe Hand Promotions, Inc. v. Laguna Lounge Ltd. Liab. Co.*, No. CV169184ESMAH, 2018 WL 314816, at *2 (D.N.J. Jan. 5, 2018); *Joe Hand Promotions, Inc. v. Batra*, No. CV 15-5863, 2017 WL 838798, at *3 (D.N.J. Mar. 2, 2017); *Joe Hand Promotions, Inc. v. Candelaria Assoc. LLC*, No. CV 16-9177 (JLL), 2017 WL 2304646, at *2 (D.N.J. May 25, 2017); *Joe Hand Promotions, Inc. v. Waldron*, No. CIV. 11-849 RBK/KMW, 2013 WL 1007398, at *7 (D.N.J. Mar. 13, 2013). Recently, Judge Vasquez set the level of statutory damages as the licensing fee in a J&J lawsuit alleging that a bar pirated the very same Program. *See J & J Sports Prods., Inc. v. Tibiri-Tabara, LLC*, No. 18-CV-8819, 2019 WL 3402494, at *5 (D.N.J. July 26, 2019). Here, this Court find no occasion to depart from the wisdom of its peer judges. Accordingly, the Court will award $3,200 in statutory damages, the amount equal to the sub-license fee that an establishment of Don Julio's capacity would have been charged. (Pl. Aff. ¶ 5; Moving Br. at 1, 17, 24).

Under these circumstances, the Court will also award additional, or so-called "enhanced," damages. Plaintiff certifies that its programming cannot be mistakenly intercepted, and

7

someone seeking to intercept and broadcast its programming would have to act affirmatively and unlawfully. (Pl. Aff. ¶¶ 9, 10). Moreover, the Court has no trouble in finding that Defendants' actions to pirate Plaintiff's programming "were taken for commercial advantage or pecuniary gain[,]" as the Program was broadcasted at Don Julio's with patrons present. *Bergenline Ave.*, 2019 WL 5304035, at *3 (citing *Waldron*, 2013 WL 1007398, at *3). Accordingly, enhanced damages are appropriate here.

"To calculate enhanced damages[,] courts within the district consider the following five factors: (1) whether the defendant has intercepted unauthorized broadcasts repeatedly and over an extended period of time; (2) whether it reaped substantial profits from the unauthorized exhibition in question; (3) whether the plaintiff suffered significant actual damages; (4) whether the defendant advertised its intent to broadcast the event; and (5) whether the defendant levied a cover charge or significant premiums on its food and drink because of the broadcast." *Batra*, 2017 WL 838798, at *4 (citation omitted). Here, Plaintiff establishes that Defendants willfully and intentionally intercepted the Program contrary to the Communications Act. Plaintiff, however, fails to provide compelling evidence of any the above-listed factors; thus, Plaintiff's requested award of $17,500 will not be granted. *Tibiri-Tabara, LLC*, No. 18-CV-8819, 2019 WL 3402494, at *5.

*2216 Bergenline Ave.* is instructive in assessing a more appropriate enhanced damages award because it involves nearly identical facts. Specifically, there, as here, "[J&J] . . . pointed to no other similar conduct by [the defendant-bar], and . . . provided no evidence of or information about profits, advertising, or promotional efforts. No cover fee was charged, and [J&J] did not seek to determine whether [the defendant-bar] priced its food or drink at a premium for the Program." *2216 Bergenline Ave., LLC*, 2019 WL 5304035, at *3. Moreover, as is also the case here, the defendants did "not appear to have featured the Program as a means of drawing

customers or increasing revenue" because the defendants only showed the program on one of its several televisions. *Id.* Under these circumstances, Judge Hayden awarded enhanced damages in an amount equal to statutory damages, effectively doubling same. *Id.*; *see Candelaria Assoc.*, 2017 WL 2304646, at *3 (awarding the same metric of enhanced damages under almost identical circumstances as here and in *2216 Bergenline Ave.*). The Court, in its discretion, finds it appropriate to do the same here, as that amount will sufficiently deter future conduct and provide restitution. *Batra*, 2017 WL 838798, at *4. Thus, Plaintiff will be awarded $3,200 in enhanced damages.

Finally, "[a]s the prevailing party, Plaintiff is entitled to recover attorney's fees and costs for this matter. *Id.* at *4 (citing 47 U.S.C. § 605(e)(3)(B)(iii)). Indeed, "47 U.S.C. § 605(e)(3)(B)(iii) <u>requires</u> that the Court 'direct the recovery of full costs,' including attorneys' fees, to a prevailing plaintiff.'" *2216 Bergenline Ave*, 2019 WL 5304035, at *3 (emphasis supplied). Accordingly, Plaintiff's request to file a motion for costs and attorneys' fees within thirty (30) days of the date of entry of this Memorandum and Order is granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for entry of a default judgment (ECF No. 8) is granted. Plaintiff is awarded statutory and enhanced damages totaling $6,400. Additionally, Plaintiff may file a separate application for costs and attorneys' fees within thirty (30) days of this memorandum and order.

# ORDER

**THIS MATTER** having come before the Court on Plaintiff J&J Productions, Inc.'s ("Plaintiff") motion for the entry of a default judgment (ECF No.8), pursuant to Fed. R. Civ. P. 55(b)(2), seeking entry of a judgment by default against Defendants Suarez Enterprises, LLC d/b/a Don Julio's Bar and Grill a/k/a Don Julio's Bar and Grill, LLC and Pedro B. Urgiles ("Defendants"); and the Court having considered Plaintiff's submissions, including all exhibits presented therewith; and for the reasons stated in the accompanying memorandum; and for good cause shown;

**IT IS** on this 13 day of January, 2020;

**ORDERED AND ADJUDGED** that Plaintiff is awarded judgment, jointly and severally, against Defendants in the total sum of $6,400, broken down as follows:

1. **THREE THOUSAND TWO HUNDRED DOLLARS** ($3,200) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); and

2. **THREE THOUSAND TWO HUNDRED DOLLARS** ($3,200) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and it is further

**ORDERED** that Plaintiff may file by separate application a motion for costs and attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) within thirty (30) days of this Order.

PETER G. SHERIDAN, U.S.D.J.