UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| J & J SPORTS PRODUCTION, INC, <br><br> *Plaintiff,* <br><br> v. <br><br> SUAREZ ENTERPRISES, LLC d/b/a DON JULIO'S BAR AND GRILL a/k/a DON JULIO'S BAR AND GRILL, LLC, *et al.*, <br><br> *Defendants.* | Civil Action No. 3:18-cv-08823 (PGS) (TJB) <br><br> **MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Plaintiff J&J Sports Production, Inc.'s ("Plaintiff" or "J&J") motion for attorneys' fees and costs against Defendants Suarez Enterprises, LLC d/b/a Don Julio's Bar and Grill a/k/a Don Julio's Bar and Grill, LLC ("Don Julio's") and Pedro B. Urgiles ("Urgiles") (together, "Defendants"). (ECF No. 11). This motion is decided without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated herein, Plaintiff's motion is granted.

### I.

The facts underlying this matter have been comprehensively set forth in the Court's prior Memorandum and Order granting Plaintiff's motion for entry of a default judgment. (ECF No. 10). Accordingly, in the interest of judicial economy, the Court refers the parties to that Memorandum for a full recitation of the factual context. (*See id.* at 1-3).

For background, in this action, Plaintiff alleges that Defendants unlawfully intercepted and broadcasted the *Saul Alvarez v. Amir Khan, WBC World Middleweight Championship Fight Program* (the "Program") at Defendants' Trenton-based bar and restaurant, Don Julio's, contrary to the Communications Act of 1934, 47 U.S.C. §§ 605 and 553, *et seq.* (Certification of

Michael J. Peters, Esq. in Support of Plaintiff's Motion for Attorney's Fees and Costs ("Peters Cert.") ¶ 3).

On January 13, 2020, the Court entered a default judgment in favor of Plaintiff against both Defendants in the total amount of $6,400. (Memorandum and Order, ECF No. 10). Specifically, the Court found that Plaintiff was entitled to an award of $3,200 in statutory damages pursuant to 47 U.S.C.§ 605(e)(3)(C)(i)(II), as well as an additional award of $3,200 in enhanced damages pursuant to 47 U.S.C.§ 605(e)(3)(C)(ii). (*Id.* at 6-9). The Court also permitted Plaintiff to file by separate application a motion for costs and attorneys' fees pursuant to 47 U.S.C.§ 605(e)(3)(B)(iii) within thirty (30) days of that order. (*Id.* at 9). The instant motion timely followed.

## II.

As stated above, Plaintiff alleged that Defendants' broadcast of the Program violated 47 U.S.C. § 605. Section 605(e)(3)(B)(iii) requires a court to "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." *Id.*; *see also Joe Hand Promotions, Inc. v. Old Bailey Corp.*, No. 2:16-CV-9207-KM-JBC, 2018 WL 1327108, at *3 (D.N.J. Mar. 15, 2018). Since the Court has entered a default judgment against Defendants, Plaintiff is a prevailing party mandated to receive costs and attorneys' fees under § 605(e)(3)(B)(iii). *Id.*; *see also Joe Hand Promotions, Inc. v. Laguna Lounge Ltd. Liab. Co.*, No. CV169184ESMAH, 2018 WL 314816, at *3 (D.N.J. Jan. 5, 2018); *Joe Hand Promotions, Inc. v. Laguna Lounge Ltd. Liab. Co.*, No. CV169184ESMAH, 2018 WL 314816, at *3 (D.N.J. Jan. 5, 2018).

Plaintiff has provided the Court with an affidavit detailing its requests for costs and attorneys' fees. (*See* Peters Cert.). With regard to costs, Plaintiff is seeking an award in the total amount of $1,005, which consists of: (i) a $400 filing fee (*id.* ¶ 15a.); (ii) $80 for service of

2

process (*id.* ¶ 15b.); and (iii) $525 for pre-investigative services performed by Excell Investigations (*id.* ¶ 15c.). Documentation annexed to the affidavit corroborates Plaintiff's purported expenditures. (*Id.*, Exs. A, B). The Court is satisfied that these requested costs are reasonable.

With regard to attorneys' fees, Plaintiff is seeking a total award in the amount of $2,290.50. (*Id.* ¶ 15d). Plaintiff arrives at this award by multiplying Mr. Peters' rate of $325 per hour, or, where applicable, his secretary's rate of $80 per hour, by the total number of hours spent working on this file (7.5 hours). (*Id.* ¶¶ 21-23). The complete timekeeping record is depicted by Plaintiff in a detailed log providing: (i) the date of each task; (ii) the name of the individual assigned to the task; (iii) a description of the task; (iv) time spent, and (v) the calculated fee for each task. (*Id.* ¶ 21).

"The Third Circuit uses a lodestar approach to determine reasonable attorneys' fees." *Joe Hand Promotions, Inc. v. Singleton*, No. CV1713687JMVMF, 2018 WL 3054683, at *3 (D.N.J. June 20, 2018) (citation omitted). "This approach calculates attorneys' fees based on the number of hours reasonably expended on the case multiplied by a reasonable hourly rate." *Id.* (citation omitted). Here, the timekeeping record provided by Plaintiff adequately demonstrates that 7.5 hours was a reasonable amount of time to expend on this matter. (*Id.* ¶ 21). In addition, the Court finds that Mr. Peters' hourly fee of $325 is reasonable. Indeed, it appears that several of my peer judges have approved counsel's requested rate. (*Id.* ¶ 17a-e). Thus, in applying the lodestar approach, Plaintiff's requested award of $2,290.50 is reasonable. (*Id.* ¶ 23).

In sum, for all of the foregoing reasons, Plaintiff's motion for costs and attorneys' fees is granted. Plaintiff is awarded costs in the amount of $1,005,00 and attorneys' fees in the amount of $2,290.50.

## ORDER

The Court having granted Plaintiff J&J Productions, Inc.'s ("Plaintiff") motion for the entry of a default against Defendants Suarez Enterprises, LLC d/b/a Don Julio's Bar and Grill a/k/a Don Julio's Bar and Grill, LLC and Pedro B. Urgiles ("Defendants") (ECF No. 10); and the Plaintiff having moved for costs and attorneys' fees (ECF No. 11); and the Court having considered Plaintiff's submissions, including all exhibits presented therewith; and for the reasons stated in the accompanying Memorandum; and for good cause shown;

**IT IS** on this 20 day of February, 2020;

**ORDERED AND ADJUDGED** that Plaintiff's motion for costs and attorneys' fees is **GRANTED**. Plaintiff is awarded costs in the amount of $1,005.00 and attorneys' fees in the amount of $2,290.50, to be added to the judgment entered against Defendants.

_____
PETER G. SHERIDAN, U.S.D.J.